

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 16, 1968

Honorable Jerry Sadler
Commissioner, General Land
  Office
General Land Office Bldg.
Austin, Texas   78701

Opinion No. M-235

Re:  Payment of expenses in-
    curred in the delivery
    of Veterans' Land Bonds
    to out-of-state banks.

Dear Mr. Sadler:

    Your request for an opinion reads as follows:

    "The constitutional amendment approved by
the voters last November 11, 1967, authorized
the extension of the Veterans' Land Program by
permitting the sale of $200 million in Veterans'
Land Bonds.  The first $30 million of Veterans'
Land Bonds was sold the latter part of December,
1967, with delivery being made on January 25,
1968 in New York City.

    "It has been necessary, and will be neces-
sary, for representatives of the Comptroller,
Attorney General and other State Departments to
be present during the signing and physical de-
livery of the bonds in New York City.

    "During the first delivery of bonds, the
expenses paid out of the Veterans' Land Fund
was based on the current Appropriations Bill
which authorized $17.00 per day, plus actual
travel expenses to State employees other than
State officials.  The above restriction has
caused several State employees personal monetary
loss.  In view of the language in the recent
constitution which provides that all necessary

- 1146 -

expense in the sale and delivery of bonds
can be paid out of the proceeds from the
sale of bonds, we would appreciate your of-
fice furnishing us with a formal opinion ad-
vising us whether under the above referred
to constitutional amendment we are permitted
to pay actual expenses to all employees and
officials of the State of Texas necessary in
the delivery of bonds to out of State banks.

"We would also like to know if we would
be permitted to pay all expenses, including
cab fares, without the necessity of receiving
receipts showing the amount expended by the
employees and officials."

Section 9(A) of Article 5421m, Vernon's Civil Statutes,
provides in part:

"The Board is hereby authorized to use
the moneys of the Veterans' Land Fund attribu-
table to any bonds hereafter issued and sold
for the purpose of paying legal fees and fees
for financial advice necessary in the opinion
of the Board to the sale of bonds hereafter
issued and sold; the expense of publishing
notice of sale of any installment of such bonds;
the expense of printing such bonds; and the <u>ex-
penses of delivering such bonds, including but
not limited to the costs of travel, lodging, and
meals of any officers or employees of the Board,
the State Comptroller, the State Treasurer, and
the Attorney General necessary in the opinion
of the Board to effectuate delivery of such
bonds, and the cost of manually signing such
bonds</u>. . . ." (Emphasis added.)

The appropriation to the Veterans' Land Board con-
tained in Senate Bill 15, Acts of the 60th Legislature, Regular
Session, (General Appropriation Act), makes the following ap-
propriation:

"For other than administrative purposes hereinabove appropriated, there is hereby appropriated to the General Land Office, including Veterans' Land Board, from the Veterans' Land Fund as created by Article III, Section 49B of the Constitution, as amended, all amounts necessary to carry out the purposes of this Constitutional provision and Legislative Acts pursuant thereto."

In view of the foregoing appropriation and the language of the pre-existing law supporting such appropriation (Section 9(A) of Article 5421m, you are advised that the Veterans' Land Board, is authorized to pay actual expenses to any officer or employee of the Veterans' Land Board, State Comptroller, State Treasurer and the Attorney General necessary to effectuate delivery of such bonds to out-of-state banks.

In answer to your second question, the Veterans' Land Board may require from the employee such information the Board deems appropriate to determine what constitutes the costs of travel, lodging and meals necessary to effectuate delivery of such bonds, and whether receipts for a particular expense should be required is left to the sound discretion of the Veterans' Land Board.

### S U M M A R Y

Pursuant to the provisions of Section 9(A) of Article 5421m, Vernon's Civil Statutes, and the current General Appropriation to the Veterans' Land Board, the Board is authorized to pay the costs of travel, lodging and meals of any officer or employee of the Board, State Comptroller, State Treasurer and the Attorney General necessary in the opinion of the Board to effectuate delivery of bonds to out-of-state banks.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. Jerry Sadler, page 4 (M-235)


Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Thomas Mack
John Fainter
Ben Harrison
Sam Kelley

A. J. CARUBBI, JR.
Executive Assistant